**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

MID-CONTINENT CASUALTY COMPANY, a foreign corporation and GREAT AMERICAN INSURANCE COMPANY, a foreign corporation

        Plaintiffs,

vs.

CASE NO.

Adams Homes of Northwest Florida, Inc., a Florida corporation, Jonilea Foster Bell, as a trustee of the Jonilea Foster Bell Revocable Trust, Alex R. Kish and Diana J. Kish, as co-trustees of the Alex R. Kish Revocable Trust Agreement dated May 15, 2009 and Diana J. Kish and Alex R. Kish, as cotrustees of the Diana J. Kish Revocable Trust Agreement dated May 15, 2009 and Samuel A. Osborne, a citizen of Florida,

        Defendants.

_____/

## COMPLAINT FOR DECLARATORY RELIEF

The Plaintiffs, Mid-Continent Casualty Company ("Mid-Continent") and Great American Insurance Company ("Great American"), sue Adams Homes of Northwest Florida, Inc., and the past and current "Homeowners," who consist of Jonilea Foster Bell, as a trustee of the Jonilea Foster Bell Revocable Trust, Alex R. Kish and Diana J. Kish, as co-trustees of the Alex R. Kish Revocable Trust Agreement dated May 15, 2009, Diana J. Kish and Alex R. Kish, as co-trustees of the Diana J. Kish Revocable Trust Agreement dated May 15, 2009 and Samuel A. Osborne, for declaratory relief as follows:

## JURISDICTION AND VENUE

1.    This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 for the purpose of determining an actual controversy between the parties.

15230596v1 0981553

2. Jurisdiction in this court is proper since complete diversity exists between the parties and the amount in controversy, as alleged below, exceeds $75,000.00 exclusive of interest, attorney's fees and costs.

3. Venue in this district is proper, because one or more of the Defendants resides in Walton County, Florida, and the real estate that is the subject of this litigation is located in Walton County, Florida.

## THE PARTIES

4. Mid-Continent is an Ohio corporation with its principal place of business in Tulsa, Oklahoma.

5. Great American is an Ohio corporation with its principal place of business in Cincinnati, Ohio.

6. Adams Homes of Northwest Florida, Inc. is a for-profit corporation whose principal place of business is in Gulf Breeze, Florida.

7. Jonilea Foster Bell is a citizen of the state of Florida.

8. Jonilea Foster Bell is a trustee of the Jonilea Foster Bell Revocable Trust Agreement.

9. Until 2011, the Jonilea Foster Bell Revocable Trust Agreement, which is a Florida trust dated December 8, 1999, owned property in Florida that it contends was damaged by Adams Homes.

10. Alex R. Kish and Diana J. Kish are citizens of the state of Florida.

11. Alex R. Kish and Diana J. Kish are the co-trustees of the Alex R. Kish Revocable Trust Agreement dated May 15, 2009 and the Diana J. Kish Revocable Trust Agreement dated May 15, 2009.

2

12. The Alex R. Kish Revocable Trust Agreement dated May 15, 2009 and the Diana J. Kish Revocable Trust Agreement dated May 15, 2009 contend property located at 1715 Driftwood Point in Santa Rosa Beach, Florida was damaged by Adams Homes.

13. Samuel A. Osborne is a citizen of the State of Florida who owns property located at 253 Driftwood Point Road in Santa Rosa Beach, Florida that he contends was damaged by Adams Homes.

<u>**THE POLICIES**</u>

14. Great American Insurance Company entered into contracts with Adams Homes, Policy Nos. 02-GL-000035535, effective 07/09/00 to 08/09/01, with a $500 property damage liability deductible per claim and with limits of liability of $1,000,000 each occurrence and $2,000,000 in the general aggregate; 02-GL-000057722, effective 08/01/01 to 08/01/02, with a $25,000 property damage liability deductible per claim and with limits of liability of $1,000,000 each occurrence and $2,000,000 in the general aggregate and 02-GL-000088561, effective 08/01/02 to 08/01/03, with a $100,000 combined bodily injury and property damage liability deductible per claim and with limits of liability of $1,000,000 each occurrence and $2,000,000 in the general aggregate.

15. Mid-Continent entered into contracts of insurance with Adams Homes, Policy Nos. 04-GL-000123813, effective 08/01/03 to 08/01/04, with a $100,000 combined bodily injury and property damage liability deductible per claim and with limits of liability of $1,000,000 each occurrence and $2,000,000 in the general aggregate; and 04-GL-000557105, effective 08/01/04 to 08/01/05, with a $100,000 combined bodily injury and property damage liability deductible per claim and with limits of liability of $1,000,000 each occurrence and $2,000,000 in the general aggregate.

3

16.    Copies of Great American's and Mid-Continent's policies are attached as Composite Exhibit "A" (collectively "the Policies").

17.    The Policies contains the following relevant provisions:

**SECTION I - COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damages" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may at our discretion investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)    The amount we will pay for damages is limited as described in Section III — Limits of Insurance; and

(2)    Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages **A** and **B**.

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1.  Insuring Agreement**

a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result. But:

4

15230596v1 0981553

(1)     The amount we will pay for damages is limited as described in Section **Ill** - Limits Of Insurance ; and **(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A or B** or medical expenses under Coverage **C.**

\* \* \*

## SECTION V – DEFINITIONS

\* \* \*

**14**.     "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

**a.**     False arrest, detention or imprisonment;

**b.**     Malicious prosecution;

**c.**     The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

**d.**     Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

**e.**     Oral or written publication, in any manner, of material that violates a person's right of privacy;

**f.**     The use of another's advertising idea in your "advertisement"; or

**g.**     Infringing upon another's copyright, trade dress or slogan in your "advertisement".

\* \* \*

**17.**     "Property damage" means:

**a.**     Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it;….

## FACTS GIVING RISE TO THIS ACTION

18.     Driftwood Estates Phase I is comprised of the exterior land of Driftwood Estates and was platted before 2000.

5

15230596v1 0981553

19.     The Homeowners are current or former owners of real property that is located in Driftwood Estates Phase I.

20.     Neither Adams Homes nor subcontractors working on Adams Homes' behalf built the Homeowners' houses

21.     On March 31, 2003, Olson and Associates of N.W. Florida, Inc. ("Olson") and Adams Homes entered into a Conditional Real Estate Purchase Agreement.  A copy of the Conditional Real Estate Purchase Agreement is attached as Exhibit "B."

22.     According to the Conditional Real Estate Purchase Agreement Olson agreed to plat and develop land referred to as the "Driftwood Interior Area" into a single-family residential subdivision containing approximately four hundred and sixty-three lots.

23.     The Conditional Real Estate Purchase Agreement also stated Adams Homes agreed to purchase the lots in the Driftwood Interior Area after Olson platted and developed that land.

24.     The Homeowners contend that as a result of Adams Homes' actions they incurred economic damages including the diminished value of their real property.

25.     The Homeowners are seeking to obtain a judgment against Adams Homes for the economic damages in the Circuit Court of the First Judicial Circuit in and for Walton County, Florida, Case No 07-CA-000889.

26.     Adams Homes tendered the Underlying Action's Second and Eighth Amended Complaints to Mid-Continent.  A copy of the Homeowners' Second Amended Complaint is attached as Exhibit "B" and a copy of the Homeowners' Eighth Amended Complaint is attached as Exhibit "C."

15230596v1 0981553

27.   Mid-Continent is providing Adams Homes in the Underlying Action with a defense based upon the allegations of the Eighth Amended Complaint subject to a complete reservation of rights.

28.   All conditions precedent to bringing this action have been performed or waived.

29.   The Homeowners are proper parties as their rights may be affected in this action.

## COUNT I - NO COVERAGE FOR DAMAGES THAT ARE NOT PROPERTY DAMAGE OR DAMAGES THAT DID NOT TAKE PLACE DURING THE POLICY PERIOD

30.   Mid-Continent and Great American reallege paragraphs 1 through 29 as paragraph 30 of Count I.

31.   Mid-Continent's and Great American's duty to indemnify Adams Homes is limited to pay damages because of property damage caused by an occurrence.

32.   To the extent the Homeowners are seeking damages for economic losses, including the diminished value of their property, such damages do not meet the definition of property damage as that term is defined by Mid-Continent's and Great American's policies.

33.   In addition, there is no coverage under Great American's first two policies since those policies were not in effect when the Conditional Real Estate Purchase Agreement was signed.

34.   In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Mid-Continent's and Great American's obligations to indemnify Adams Homes.

35.   Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of Mid-Continent and Great American under the Policies.

7

Wherefore, Mid-Continent and Great American respectfully requests this Court to:

a.      Take jurisdiction over this matter;

b.      Find and declare that Mid-Continent's and Great American's obligations under the Policies they issued are limited to indemnifying Adams Homes for property damage, if any, as that term is defined in the Policies;

c.      Hold Mid-Continent and Great American have no obligation to indemnify Adams Homes for any economic damages incurred by the Homeowners; and

d.      Enter any other order the Court deems proper under the evidence and circumstances.

### COUNT III - NO DUTY TO INDEMNIFY UNDER COVERAGE B

32.     Mid-Continent and Great American reallege paragraphs 1 through 29 as paragraph 32 of Count II.

33.     There is no coverage under the Policies for the Homeowners' claims since the allegations of both the Second and Eighth Amended Complaints do not allege a personal and advertising injury offense or an offense during the policy period of the Policies.

34.     According to the Eighth Amended Complaint, Adams Homes' actions allegedly caused "damage to property other than the defects and deficiencies themselves."  Exhibit C, Page 11 at ¶35.

35.     The Second Amended Complaint does not contain that allegation or any other allegation that would have required Great American or Mid-Continent to provide Adams Homes with a defense.

15230596v1 0981553

36. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Mid-Continent's and Great American's obligations to indemnify Adams Homes.

37. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of Mid-Continent and Great American under the Policies.

Wherefore, Mid-Continent and Great American respectfully requests this Court to:

a. Take jurisdiction over this matter;

b. Find and declare that the Eighth Amended Complaint does not allege a personal or advertising injury as that terms is defined in the Policies and/or a personal and advertising injury that took place during the policy periods; and

c. Enter any other order the Court deems proper under the evidence and circumstances.

## COUNT III - NO DUTY TO DEFEND ADAMS HOMES FOR THE ALLEGATIONS IN THE SECOND AMENDED COMPLAINT

38. Mid-Continent and Great American reassert paragraphs 1 through 29 as paragraph 38 of Count III.

39. There was no duty to defend Adams Homes under the Policies for the Homeowners' allegations in the Second Amended Complaint because those allegations did not allege bodily injuries, property damages or a personal and advertising injury offense that took place during the policy periods.

40. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of Mid-Continent's and Great American's obligations, if any, to defend Adams Homes.

15230596v1 0981553

41.     Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of Mid-Continent and Great American under the Policies.

Wherefore, Mid-Continent and Great American respectfully requests this Court to:

a.      Take jurisdiction over this matter;

b.      Find and declare that neither Mid-Continent nor Great American had a duty to defend Adams Homes against the allegations in the Homeowners' Second Amended Complaint;

c.      Enter any other order the Court deems proper under the evidence and circumstances.

Dated: May 26, 2016

Respectfully submitted,

HINSHAW & CULBERTSON LLP

s/Melissa A. Gillinov
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Melissa A. Gillinov
Florida Bar No. 11892
mgillinov@hinshawlaw.com
2525 Ponce de Leon, Blvd., Fourth Floor
Miami, Florida 33134
*Counsel for Mid-Continent Casualty Co.*
*and Great American Insurance Company*

15230596v1 0981553