**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

MID-CONTINENT CASUALTY COMPANY, a
foreign corporation and GREAT AMERICAN
INSURANCE COMPANY, a foreign corporation,

      Plaintiffs,

v.                                                                    Case No.: 3:16cv00233RV-EMT

ADAMS HOMES OF NORTHWEST FLORIDA,
INC., a Florida corporation, JONILEA FOSTER
BELL, as trustee of the Jonilea Foster Bell Revocable
Trust, ALEX R. KISH and DIANA J. KISH, as
co-trustees of the Alex R. Kish Revocable Trust
Agreement dated May 5, 2009, and DIANA J. KISH
and ALEX R. KISH, as co-trustees of the Diana J. Kish
Revocable Trust Agreement dated May 15, 2009, and
Samuel A. Osborne, a citizen of Florida,

      Defendants.

---

## DEFENDANT'S ADAMS HOMES OF NORTHWEST FLORIDA ANSWER TO COMPLAINT FOR DECLARATORY RELIEF and COUNTERCLAIM

Defendant, ADAMS HOMES OF NORTHWEST FLORIDA, INC. ("Adams

Homes"), by and through its undersigned counsel, hereby files this its Answer to

Plaintiff's Complaint for Declaratory Relief as follows:

1.      Admitted.

2.      Admitted.

3.      Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

7.    Without knowledge, therefore denied.

8.    Without knowledge, therefore denied.

9.    Without knowledge, therefore denied.

10.    Without knowledge, therefore denied.

11.    Without knowledge, therefore denied.

12.    Without knowledge, therefore denied.

13.    Admitted.

14.    Admitted to the extent supported by the referenced insurance policies which are the best evidence of their contents; otherwise denied.

15.    Admitted to the extent supported by the referenced insurance policies which are the best evidence of their contents; otherwise denied.

16.    Admitted.

17.    Admitted to the extent supported by the referenced insurance policies which are the best evidence of their contents; otherwise denied.

18.    Admitted.

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Admitted.

23.    Admitted.

24.    Admitted that the Homeowners claim economic as well as other damages resulting from the actions and/or omissions of Adams Homes.

25.    Admitted that Homeowners were seeking to obtain a judgment against Adams Homes for economic damages as well as other relief.

26.    Admitted that Adams Homes tendered the underlying action's Second and Eighth Amended Complaints to Mid-Continent and at that time demanded that Mid-Continent to defend and indemnify Adams Homes under the terms of the insurance policies referenced above.

27.    It is admitted that Mid-Continent is in part currently providing Adams Homes a defense based on the allegations in the Eighth Amended Complaint, but Mid-Continent failed and refused to provide a defense or any indemnification for Adams Homes in response to the tendering of the Second Amended Complaint in spite of the fact that the allegations of that pleading triggered at least a duty of Mid-Continent to defend Adams Homes. As a result of Mid-Continent's failure and refusal to defend Adams Homes , Adams Homes has incurred substantial legal fees and costs defending itself n the Underlying Action for which it should be reimbursed by M-d-Continent.

28. Denied.

29. Admitted.

## COUNT I - NO COVERAGE FOR DAMAGES THAT ARE NOT PROPERTY DAMAGE OR DAMAGES THAT DID NOT TAKE PLACE DURING THE POLICY PERIOD

30. Defendant Adams Homes responds as it did to the corresponding paragraphs above.

31. Denied. The duties and obligations of Mid-Continent and Great American are established not only by the insurance policies issued but also by Florida law. The duty to defend is much broader than the duty to indemnify , and Mid-Continent breached its contractual obligations by failing to defend and/or indemnify Adams Homes in response to the Second Amended Complaint in the underlying action.

32. Denied. Homeowners also seek compensation for loss of use of their property which falls within the definition of "property damage" in the applicable insurance policies.

33. Admitted.

34. Admitted.

35. Admitted.

## COUNT III - NO DUTY TO INDEMNIFY UNDER COVERAGE B
(No Count II in Complaint. Responses are to the paragraphs as numbered in

Complaint)

32.    Defendant Adams Homes responds as it did to the corresponding paragraphs above.

33.    Denied.

34.    The language of the Eighth Amended Complaint speaks for itself and more accurately describes the claims of the Plaintiffs in the underlying action.

35.    Denied.

36.    Admitted.

37.    It is admitted that this Court has the power to declare the rights and obligations of Mid-Continent and Great American under these policies. It is denied that the Eighth Amended Complaint does not allege causes of action which would trigger an obligation and duty by Mid-Continent and Great American to provide a defense and indemnity to Adams Homes.

## COUNT III - NO DUTY TO DEFEND ADAMS HOMES FOR THE ALLEGATIONS IN THE SECOND AMENDED COMPLAINT
(repeated as Count III in Complaint)

38.    Defendant Adams Homes responds as it did to the corresponding paragraphs above.

39.    Denied. Specifically the allegations of both the Second and Eighth Amended Complaint that took place during the applicable policy periods and therefore there was a duty and obligation by Mid-Continent and Great American to

both defend and indemnify Adams Homes.

40.    Admitted that Plaintiffs assert that a dispute exists but it is and has been for years the position of Adams Homes that the Plaintiffs have had a duty to defend and indemnify Adam Homes based on the allegations of the Second Amended and Eighth Amended Complaint attached to the Complaint in this action.

41.    Admitted that this Court has the power to declare the rights and obligations of Mid-Continent to Great American under the applicable insurance policies but it is denied that the Court should find and declare that Mid-Continent had no duty to defend. The allegations of the Second and Eighth Amended Complaints clearly stated causes of actions sufficient to trigger the obligation and duty of Mid-Continent and Great American to provide both a defense and indemnity to Adams Homes in the underlying actions.

## AFFIRMATIVE DEFENSES

Plaintiffs individually and collectively are obligated, under the terms and provisions of the insurance policies they issued, to provide a defense to Adams Homes and to indemnify Adams Homes against an award of damages arising out of the Underlying Litigation.

WHEREFORE, ADAMS HOMES prays for entry of judgment declaring that Plaintiffs have a duty to defend Adams Homes in the Underlying Action and indemnify it against an award of damages in that litigation, and further awarding

Adams Homes reasonable attorneys fees and costs incurred in that Underlying Action and in this cause.

## COUNTERCLAIM

Defendant ADAM HOMES sues Plaintiffs MID-CONTINENT CASUALTY COMPANY, a foreign corporation and GREAT AMERICAN INSURANCE COMPANY and alleges:

1.     This is an action for damages that exceed $75,000.

2.     This Court has jurisdiction of the subject matter of this Counterclaim which is a compulsory counterclaim under Fed. R. Civ. P. 13(a).

3.     Adams Homes has been sued by Jonilea Foster Bell, Alex R. Kish and Diana J. Kish, the Alex R. Kish Revocable Trust Agreement and Samuel A. Osborne ("Underlying Plaintiffs"). Copies of the Second and Eighth Amended Complaints in that action were attached to Plaintiffs/Insurers' Complaint in the present action.

4.     The Underlying Plaintiffs allege that Adams Homes contributed to cause injury to their property including but not limited to loss of use by the negligent acts or failures to act which occurred within the State of Florida and within one or more of the time periods during which Mid-Continent Insurance Company and Great American Insurance Company provided general liability insurance to Adams Homes.

5.     As a result Mid-Continent and Great American have a duty, have now

and have had since the tendering of the Second Amended Complaint a duty to defend Adams Homes in the underlying action to its conclusion and also to indemnify Adams Homes in the event damages are awarded in favor of the listed Plaintiffs.

6.      Adams Homes has retained the undersigned counsel is obligated to pay a reasonable fee for their services in this matter.

7.      Adams Homes has incurred attorneys fees in excess of $600,000 for defending itself during the period of time between the tendering of the Second Amended Complaint which resulted in a refusal or denial by insurers to provide a defense and the time when those same insurers agreed to defend and indemnify Adams Homes as a result of the tendering of the Eighth Amended Complaint.

WHEREFORE, Adams Homes prays for entry of judgment declaring the Plaintiffs jointly and severally have a duty to defend Adams Homes in the underlying action and to indemnify it against any damages awarded to the named Plaintiffs in that litigation and further award any attorney fees and costs for the defense of this case as well as attorney fees and costs incurred in defending the underlying action brought by the Underlying Plaintiffs.

## CERTIFICATE OF COMPLIANCE WITH NORTHERN DISTRICT OF FLORIDA LOCAL RULE 7.1(F)

Defendant's Motion complies with the word limitation of N.D. Fla. Loc. R. 7.1(F) because it contains 676 words and is typed in 14 point font.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF with a copy also being provided to the following on this 27th day of June, 2016:

Melissa A. Gillinov
Ronald L. Kammer
HINSHAW & CULBERTSON LLP
mgillinov@hinshawlaw.com
rkammer@hinshawlaw.com
2525 Ponce de Leon, Blvd., Fourth Floor
Miami, Florida 33134

S/Robert C. Palmer, III
Robert C. Palmer, III
WADE, PALMER & SHOEMAKER
Florida Bar No.:
14 N. Palafox Street
P.O. Box 13510
Pensacola, FL 32591-3510
(850) 429-0755
Bpalmer@wpslawyers.com
Kmoore@wpslawyers.com
Dcross@wpslawyers.com
Attorney for Adams Homes of
Northwest Florida, Inc.